IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY CO. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 20-4769 |
| JESSICA SLANE, et al. | | |

MEMORANDUM

Bartle, J.  February 11, 2021

Plaintiff State Farm Fire and Casualty Co. ("State Farm") has sued defendants Jessica Slane, Robert Slane, and C.S., their minor child, in this diversity action for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.  State Farm, which had issued a homeowners policy to Jessica Slane, seeks a declaration that it has no duty to defend or to indemnify her in a civil action brought by Robert Slane for himself and on behalf of the minor child, C.S., against the child's mother, Jessica Slane, and other defendants in the Court of Common Pleas of Chester County, C.S. (a Minor), et al. v. Jessica Slane, et al., No. 2018-12795-TT, for bodily injuries to C.S.  Before the court is the motion of State Farm for judgment

on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]

I.

"The standard for evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for failure to state a claim is the same as the familiar standard used for evaluating a motion to dismiss under Rule 12(b)(6)." Accurso v. Infra-Red Servs., Inc., 23 F. Supp. 3d 494, 499 (E.D. Pa. 2014). Accordingly, "the distinction between a motion under 12(b)(6) and a motion under 12(c) 'is purely formal.'" Id. (quoting Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)). Therefore, insofar as the movant seeks judgment on the pleadings, the standard used for a motion to dismiss under Rule 12(b)(6) guides our analysis. We must determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

1. Jessica Slane has not filed an answer or response to State Farm's complaint, which was filed September 29, 2020. On the request of State Farm, a default was entered against Jessica Slane on December 8, 2020. The other defendants in this matter, Robert Slane and C.S., answered the complaint and filed an opposition to State Farm's motion for judgment on the pleadings.

Under Rule 12(c), the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988) (quoting Soc'y Hill Civic Assoc. v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)).  "In order to grant a motion for judgment on the pleadings, it must be apparent that there are no issues of material fact and that only questions of law exist."  Corrigan v. Methodist Hosp., 158 F.R.D. 70, 71 (E.D. Pa. 1994).  "[J]udgment will not be granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  Jablonski, 863 F.2d at 290 (quoting Soc'y Hill Civic Assoc., 632 F.2d at 1054).

II.

As noted above, Robert Slane on his own behalf and on behalf of C.S. has sued Jessica Slane and other defendants in the underlying action pending in the Court of Common Pleas of Chester County.  The complaint alleges that on June 8, 2018 C.S. was in the custody and under the supervision of his mother when a car driven by another defendant collided with C.S. while he was riding a bicycle.  C.S. purportedly sustained injuries including a broken leg and brain trauma.  The claims against Jessica Slane are for negligence and negligent supervision.

State Farm has been defending Jessica Slane in the underlying action pursuant to a letter dated February 15, 2019 in which it agreed to provide representation for her but also reserved the right to deny a defense and indemnity should the terms of the policy exclude coverage.  Accordingly, State Farm brings this suit seeking a declaration that it does not have a duty to defend or indemnify Jessica Slane in that action pursuant to the terms of the policy.

The policy in question provides coverage for personal liability if a suit is "brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence."  The policy also covers medical payments to others so that State Farm will "pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury."

The "insured" for purposes of this policy is defined as "you and, if residents of your household:

    a. your relatives; and

    b. any other person under the age of 21 who is in the care of a person described above."

The "person described above" refers to "you" which is the "named insured," that is Jessica Slane.  "Bodily injury" is defined as "physical injury, sickness, or disease to a person.  This

includes required care, loss of services and death resulting therefrom."

The policy contains an exclusion from personal liability coverage or medical payments to others when there is:

> h. bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured.  This exclusion also applies to any claim made or suit brought against you or any insured to share damages with or repay someone else who may be obligated to pay damages because of the bodily injury sustained by you or any insured within the meaning of part a. or b. of the definition of insured.

III.

We now turn to the question whether State Farm has a duty to defend and/or indemnify Jessica Slane under the policy. An insurer must defend an action "whenever the complaint against its insured potentially may come within the policy's coverage." First Oak Brook Corp. Syndicate v. Comly Holding Corp., 93 F.3d 92, 94-95 (3d Cir. 1996).  If there is no duty to defend, there is no duty to indemnify. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005).  The burden is on the insurer to establish the applicability of any policy exclusion. Erie Ins. Exch. v. Transamerica Ins. Co., 533 A.2d 1363, 1366-67 (Pa. 1987).

We determine an insurer's duty to defend and indemnify solely by comparing the policy terms with the factual allegations contained within the four corners of the underlying

complaint.  Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006).  The "four corners rule" is designed to promote efficiency and ease the administration of insurance coverage disputes.  See Lupu v. Loan City, LLC, 903 F.3d 382, 389 (3d Cir. 2018).  If any single claim is covered under the policy, the insurer must defend on all claims.  Id. at 385.

The interpretation of an insurance policy is a question of law property decided by the court.  Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999).  Our primary goal is to ascertain the parties' intentions as manifested by the policy's terms.  401 Fourth Street, Inc. v. Inv'rs Ins. Grp., 879 A.2d 166, 171 (Pa. 2005).  "When the language of the policy is clear and unambiguous, a court is required to give effect to that language."  Id.  Alternatively, when a term in the policy is ambiguous, "the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer."  Id.

State Farm argues that it has no duty to defend or indemnify Jessica Slane in the underlying action because the policy explicitly excludes coverage for bodily injuries to an insured.  The policy definition of an insured includes a person "under the age of 21 who is in the care of" an insured.  Jessica Slane is an insured.  In looking at the four corners of the

-6-

underlying complaint, it is clear that C.S., as the son of Jessica Slane, is a relative of Jessica Slane, was under the age of 21 at the time of the accident, and was under Jessica Slane's care when the accident occurred.  Thus, C.S. also meets the definition of an insured under the terms of the policy and therefore cannot recover damages as a result of the policy exclusion.  It follows that State Farm does not have a duty to defend or indemnify Jessica Slane in the underlying action.

The defendants in this action solely rely on one decision of the Supreme Court of Pennsylvania which held that an insurance exclusion rendered a policy illusory because it foreclosed expected claims.  See Heller v. Pa. League of Cities & Municipalities, 32 A.3d 1213, 1225 (Pa. 2011).  That case is inapposite.  The Supreme Court held that coverage for workers in an employer-sponsored underinsured motorist policy was illusory because as a result of the exclusion the Court could not identify a single scenario where coverage would apply to the intended beneficiaries.  Id.  However, that is not the case here.  The policy State Farm issued to Jessica Slane provides coverage for various personal liability and medical expenses claims where the exclusion would not apply.  Thus, coverage under the policy at issue here is not illusory.

Since C.S. is an insured under the terms of the State Farm policy and the underlying action is a suit for bodily

injuries to C.S., the exclusion applies and State Farm does not have a duty to defend Jessica Slane in the underlying action. Because it has no duty to defend, it has no duty to indemnify.